Filed 3/17/16  P. v. Woods CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079996 |
| v. | (Super. Ct. Nos. 12F6888, 14F4107) |
| TYLER JOHN WOODS, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Tyler John Woods, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

While responding to a report of an abandoned motorcycle at a 7-Eleven on September 22, 2012, Anderson Police Officer Tyler Finch saw defendant and knew that he had an outstanding warrant for his arrest.  Officer Finch announced that defendant was under arrest.  Defendant left the store and a struggle ensued with the officer in the parking lot, during which defendant grabbed for the officer's firearm.

1

In case No. 12F6888, defendant pleaded no contest to resisting a peace officer in the performance of his duty and attempting to take the officer's firearm (Pen. Code, § 148, subd. (d) -- count 1)[1] in exchange for a three-year split sentence (§ 1170, subd. (h)) and the dismissal of the remaining counts and allegations with *Harvey*[2] waivers for restitution. The trial court imposed the agreed upon sentence, ordering defendant to serve the first two years in county jail and the last year on mandatory supervision, awarding 92 days of presentence credit (46 actual days and 46 conduct days), and ordering defendant to pay restitution in an amount to be determined, along with various fines, fees and assessments.

In case No. 13F0537, defendant was subsequently convicted of felony receiving stolen property. (§ 496, subd. (a).) The trial court ordered defendant to serve an aggregate sentence of three years eight months in case Nos. 12F6888 and 13F0537, consisting of two years in county jail, one year eight months under mandatory supervision, and 92 days of credit for time served. In case No. 12F6888, the trial court increased the court security fee to $120 (§ 1465.8, subd. (a)(1)), increased the criminal conviction assessment fee to $90 (Gov. Code, § 70303), and reiterated a $760 aggregate fine, a $151 booking fee, and the order of restitution to the victim. In case No. 13F0537, the trial court imposed a $280 restitution fine and a $280 restitution fine suspended pending successful completion of mandatory supervision. (§ 1202.45, subd. (b).)

Later, in case No. 14F4107, defendant pleaded no contest to residential robbery in concert (§§ 211, 212.5, 213, subd. (a) -- counts 1 and 23), first degree residential robbery (§ 211 -- count 15), kidnapping (§ 207, subd. (a) -- count 19), assault with a semiautomatic firearm (§ 245, subd. (b) -- count 25), and admitted personal use of a firearm as to count 23 and hate crime allegations as to counts 1, 15, and 19, in return for

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

a stipulated state prison term of 26 years eight months and the dismissal of the remaining counts and allegations with a *Harvey* waiver. The parties stipulated that the factual basis for the plea could be found in the preliminary hearing transcripts, but those transcripts have not been furnished to this court and the record does not contain any other factual summary for case No. 14F4107.

The trial court found defendant in violation of mandatory supervision in case Nos. 12F6888, 12CP103, and 13F0537, and found that defendant's possession of stolen property convictions in case No. 13F0537 were misdemeanors for which he had sufficient credit for time served.

The trial court thereafter granted defendant's *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118) and appointed new counsel. Defendant filed a motion to withdraw his plea, claiming that his prior counsel had failed to provide him with discovery that could have enabled him to challenge the enhancement for personal use of a firearm. After a hearing, the trial court denied the motion.

In case No. 14F4107, the trial court imposed the previously agreed upon sentence of 26 years eight months in state prison, consisting of the following: the upper term of nine years on count 23, plus a 10-year enhancement for personal use of a firearm; one year four months on count 15; one year eight months on count 19; two years on count 25; two years on count 1; and eight months for the hate crime enhancement. In case No. 12F6888, the trial court imposed a three-year sentence on count 1 to run concurrent to the sentence in case No. 14F4107, and found that defendant had already served sufficient time on that count. The trial court ordered case No. 12CP103 dismissed.

In case No. 14F4017, the trial court awarded defendant 443 days of presentence credit (386 actual days and 57 conduct days) and ordered him to pay $850 in victim restitution, a $10,000 restitution fine and a $10,000 parole revocation fine. (§§ 1202.4, subd. (b), 1202.45.) In case No. 12F6888, the trial court awarded defendant 1,084 days of presentence credit (943 actual days and 141 conduct days) and ordered him to pay

victim restitution in an amount to be determined, along with a $720 restitution fine, a $720 probation revocation fine, a $720 parole revocation fine, a $240 court security fee (§ 1465.8) and a $180 criminal conviction assessment (Gov. Code, § 70373).

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/S/
Mauro, Acting P. J.


We concur:



/S/
Murray, J.



/S/
Hoch, J.

4